UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-4874 MRW | Date | September 14, 2016 |
| Title | Cabrera v. Wal-Mart Stores | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

None present    None present

**Proceedings:**   ORDER RE: MOTION TO REMAND ACTION

1. This is a civil personal injury action involving a slip-and-fall at a department store. Plaintiff (a California resident) originally filed her action against Defendant Walmart in the California Superior Court. Walmart (a Delaware corporation headquartered in Arkansas) removed the action to federal court several months after Plaintiff initiated the state action. (Docket # 1.)

2. Plaintiff moves to remand the federal case back to state court. (Docket # 10.) She does not dispute that this Court may properly exercise diversity-of-citizenship jurisdiction, as the parties are citizens of different states and the amount in dispute potentially exceeds $75,000. Instead, Plaintiff's argument is that Walmart <u>knew</u> that she lived in California at the time of the incident underlying the lawsuit. She complains that Walmart improperly waited for several months after the commencement of the state action until it removed the case to federal court. As a result, Plaintiff contends that Walmart violated the time limit for removal as prescribed under 28 U.S.C. § 1446(b). (Docket # 10 at 3.)

3. Walmart claims that removal was timely. The defense argues that it did not confirm Plaintiff's citizenship for diversity purposes until it received discovery responses in the state action. The company then removed the action to federal court promptly. (Docket # 11.)

4. Under Section 1446, a civil defendant may generally remove an action to federal court within thirty days of receiving one of the two following triggering documents: "the initial pleading" or summons in the state court action; or "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1, 3). Removal must be accomplished within one year. 28 U.S.C. § 1446(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4874 MRW | Date | September 14, 2016 |
|---|---|---|---|
| Title | Cabrera v. Wal-Mart Stores | | |

5. Removability – and the initiation of the thirty-day clocks under Section 1446(b) – "is determined through examination of the four corners of the applicable pleadings." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). The first thirty-day window is opened only "if the case stated by the initial pleading is removable on its face" and the ground for removal is "revealed affirmatively" in that filing. Id. at 694-95. The removal clock is therefore determined by "objective analysis of the pleadings," not by "whether defendant had subjective knowledge" or "sufficient 'clue'" about the basis for diversity jurisdiction. Id. at 697.

6. A federal court has diversity-of-citizenship jurisdiction over an action involving "citizens of different States." 28 U.S.C. § 1332(a)(1). A person's citizenship is "determined by her state of domicile." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is more than just the location where she lives; it's where she lives "with the intention to remain or to which she intends to return." Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004) (quotation omitted).

7. Harris compels the Court to deny the remand motion. The Court reviewed in detail the "four corners" of the state court complaint. (Docket # 1-2 at 2.) That pleading provided no information about Ms. Cabrera's citizenship. And the parties appear to agree that the first litigation-related document that identified her as a citizen of California – thereby establishing diversity jurisdiction – was her response to a specific interrogatory in June 2016.[1] (Docket # 11-1 at 23.) Walmart promptly removed the case to federal court within thirty days as required by the statute.

8. Did Walmart know that Ms. Cabrera was a citizen of California for diversity purposes before that? Probably. She gave the company a California address immediately after the incident. But that could have been her main residence, her second home, a mail drop, or her favorite local Airbnb. According to the Ninth Circuit, litigants and parties shouldn't have to guess whether this was her "domicile." The contents of litigation pleadings provide "certainty and predictability" to the timing of federal court removal. Harris, 425 F.3d at 697. Neither the informal interview at the scene of the fall nor the form complaint that Plaintiff filed in the superior court provided that information with the requisite certainty.

---

[1] Defendant inadvertently failed to file the correct set of interrogatories with the Court (we received Plaintiff's questions, not Defendant's (Docket # 11-1 at 6)), but the information is obvious – Plaintiff provided the answer well after the initiation of the state action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4874 MRW | Date | September 14, 2016 |
|---|---|---|---|
| Title | Cabrera v. Wal-Mart Stores | | |

9. The motion to remand is therefore DENIED. The parties will continue to abide by the dates discussed at the recent conference and memorialized in the Court's scheduling order.